UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EARL SMITH, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09- 6382** |
| **LAFARGE NORTH AMERICA, INC.** | **SECTION "C" (3)** |

**ORDER AND REASONS**[1]

Before the Court is Defendant, Lafarge North America, Inc.'s ("Lafarge"), Motion for Partial Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Rec. Doc. 52 at 1). Plaintiff Earl Smith, Sr. ("Smith") opposes this Motion in part. (Rec. Doc. 60-1 at 1-3). After a thorough review of the law, the pleadings, and the memoranda filed in support of and in opposition to this motion, Defendant's Motion for Partial Judgment on the Pleadings is GRANTED.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On May 29, 2009 Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans against Lafarge Cement. (Rec. Doc. 1-1 at 1). Plaintiff alleged that Lafarge was liable under certain state and federal laws relating to Plaintiff's employment and employment termination. (Rec. Doc. 1-1 at 1). On September 19, 2010, Defendant Lafarge removed the case to the United States Court for the Eastern District of Louisiana. (Rec. Doc. 1-2 at 1). On January 5, 2010,

---

[1] Natalie LaBorde, a third-year law student at Louisiana State University Law Center, contributed significantly to the research and preparation of this decision.

1

the Court granted Plaintiff's voluntary dismissal of his federal claims, yet retained jurisdiction on the basis of diversity. (Rec. Doc. 25 at 1; Rec. Doc. 49 at 1). Plaintiff's remaining claims are: (1) gross negligence and violations of safety standards that resulted in personal injury to him, (2) violations of equal protection provisions afforded to him under the Louisiana Constitution, and (3) state race discrimination and whistle-blower claims under Louisiana Discrimination and Employment Law. (Rec. Doc. 1-1 at 1-3). Additionally, Plaintiff asserts a number of claims on behalf of third parties, including (1) other employees who allegedly suffered personal injuries and were discriminated against and (2) local residents who allegedly suffered personal injuries and property damage as a result of Defendant's actions. (Rec. Doc. 1-1 at 1-3; Rec. Doc. 16-1 at 2).

In Defendant Lafarge's Motion for Partial Judgment on the Pleadings he argues that Plaintiff's ancillary claims should be dismissed with prejudice because (1) Plaintiff's claims for gross negligence and violations of safety standards are barred by the exclusivity provision of the Louisiana Worker's Compensation laws, (2) Plaintiff is unable to bring claims under the Louisiana Constitution because Lafarge is not a state actor, and (3) Plaintiff has no standing to bring discrimination, negligence, and property damage claims on behalf of other employees and/or the surrounding neighborhood. (Rec. Doc. 52-1 at 2).

## II. STANDARD OF REVIEW

After the pleadings are closed, but within such time as not to delay trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion made under Rule 12(c) for judgment on the pleadings is subject to the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust*

*Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002). In determining whether a dismissal is appropriate, the court must decide whether, if true, the facts alleged in the pleadings would entitle the plaintiff to some sort of legal remedy. *Ramming v U.S.*, 281 F. 3d 158, 162 (5th Cir. 2001); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). When considering a Rule 12(c) motion, the court must construe the allegations in the complaint in the light most favorable to the non-moving party, however conclusory allegations and unwarranted deductions of fact are not accepted as true. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain. *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

## III. LAW AND ANALYSIS

**A.     Gross Negligence and Violations of Safety Standards**

In the Complaint, Plaintiff Smith alleges that Defendant Lafarge (1) was grossly negligent in its duty to protect the safety and well being of its employees and (2) violated required safety standards. (Rec. Doc. 52-2 at 2). As a result of Defendant's actions, Smith alleges he suffered physical and emotional harm. (Rec. Doc. 52-2 at 2). Smith further contends that Defendant's actions constitute an "intentional tort" under Louisiana law. (Rec. Doc 52-2 at 3). In the Motion for Partial Judgment on the Pleadings, Defendant Lafarge argues that Smith's claims for gross negligence and violations of safety standards which resulted in personal injury to him, are barred by the exclusivity provision of the Louisiana Workers Compensation Laws. (Rec. Doc 52-1 at 2).

The exclusivity provision of the Louisiana Workers Compensation laws bars an employee

from asserting a negligence action against his employer. *Paris v. Wal-Mart Stores, Inc.*, 205 F. 3d 847-851 (5th Cir. 2000). The exclusivity provision is found in La. R.S. §23: 1032 A(1)(a):

> Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

*Id.* Furthermore, the statute also states that "nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act." La. R.S. §23:1032 B. Essentially, the Louisiana Workers' Compensation Statute limits the availability of tort recovery to employees whose injuries are caused by intentional acts, and any injuries caused by unintentional acts are exclusively covered by workers' compensation. *Perret v. Cytec Industries Inc.*, 889 So.2d 1121, 1122 (La.App.5 Cir. 2004). Thus, the viability of Plaintiff's claims turn on whether or not Defendant's actions that led to the alleged harm are "intentional acts" and therefore not barred by the exclusivity provisions of the Louisiana Workers' Compensation Act.

**B. Intentional Act Exception**

The purpose of the intentional-act exception to the exclusivity of the workers' compensation system is to prevent a person who intentionally injures an employee from immunizing himself against the consequences of his own willful misconduct. La. R.S. 23:1032 B; *Perret v. Cytec*

*Industries, Inc.,* 889 So.2d at 1124.

To constitute an "intentional act," it must be shown that the actor either (1) consciously desires the physical result happening from his conduct, or (2) knows that the result is substantially certain to follow from his conduct. *Id.* "Substantially certain to follow" requires more than a reasonable probability that an injury will occur and "certain" has been defined to mean "inevitable" or "incapable of failing." *Id.* An employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the substantial certainty requirement. *Id.* Furthermore, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer. *See e.g., Perret*, 889 So.2d at 1124 (*citing Hines v. Riceland Drilling Co.*,882 So.2d 1287 (La.App.3 Cir. 9/29/04)); *Thomas v. Fina Oil and Chemical Co.*, 845 So.2d 498, 450. (La.App. 1 Cir. 2/14/03).

In the present case, Plaintiff Smith alleges that he was exposed to cement dust on a daily basis while working for Lafarge. As a result of this exposure and subsequent inhalation, Smith alleges that he suffered constant and severe nosebleeds and fears that he has sustained long-term medical consequences to his health and safety for which he will need ongoing medical monitoring and treatment. (Rec. Doc. 52-2 at 3). Smith also contends that Lafarge (1) intentionally failed to comply with health and safety standards designed to protect employees from cement dust exposure, (2) maintained faulty machine equipment, and (3) failed to disclose and/or hid deficiencies from regulators from cement dust exposure, all of which caused him personal injury. (Rec. Doc. 52-2 at 2). Smith alleges that he and others regularly made Lafarge aware of the health and safety violations and risks to their safety at the plant, but that Lafarge never addressed these concerns. (Rec. Doc. 52-2 at 2).

Smith also contends that Lafarge went to great lengths to hide its safety violations and equipment failures when state and federal agencies conducted routine inspections of the New Orleans plant. (Rec. Doc. 52-2 at 3). Smith claims that this was done in efforts to cover up harmful consequences to the environment, his personal heath and safety, and the health and safety of property, plant, and human life in the neighborhood. (Rec. Doc. 53-2 at 3). Smith contends that these acts of gross negligence and intentional violations of health and safety regulations constitute intentional tortuous conduct under Louisiana law. (Rec. Doc. 52-2 at 3).

Considering the alleged facts in a light most favorable to the Plaintiff Smith, this Court finds that the Plaintiff cannot established facts that, if found to be correct, would constitute "intentional acts" on the part of the Defendant.

> In *Perret*, the court stated:
>
> Our courts have held that allegations of failure to provide a safe place to work, deficiently designed machinery and disregard of OSHA safety provisions, failure to correct unsafe working conditions, and failure to provide specifically requested safety equipment are not sufficient to invoke the intentional act exception of Revised Statute 23:1032(B) absent proof (or in the case of summary judgment, disputed issues of fact) of either defendant's desire to harm plaintiff or defendant's knowledge that his conduct would nearly inevitably cause injury to plaintiff. Mouton v. Blue Marlin Specialty Tools, Inc.,799 So.2d 1215, 1219 (La.App. 3 Cir. 10/31/01). Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation. The worker's compensation statutes, as enacted, limits the availability of tort recovery only to employees whose injuries are caused by genuine intentional acts, and anything less than intentional, whether it be gross negligence or violation of a safety rule, remains in workers' compensation. *Id.* at 1219.

889 So.2d at 1221.

Similarly, in this case, Plaintiff has alleged facts regarding Defendant's failure to provide a safe workplace, deficiently maintained machinery, disregard of safety provisions, and failure to

6

correct unsafe working conditions, which if found to be true, are still not sufficient to invoke the "intentional act" exception of La R.S. 23:1032 (B). Furthermore, Plaintiff does not allege facts of either Lafarge's desire to harm him or Lafarge's knowledge that its conduct would nearly inevitably cause injury to him.

As to Plaintiff's claims for safety and health violations, the Louisiana courts have also held that these types of claims are exclusively covered under the Louisiana Workers' Compensation Statue. *Reeves v. Structural Preservation Systems*, 731 So.2d 208 (La. 1999); *Jasmin v. HNV Central Riverfront Corp.*, 642 So.2d 311, 312 (La.App. 4 Cir. 8/30/94), *writ denied*, 647 So.2d 1110, 1112 (La.12/9/94) (failure to provide safe working environment in grain storage bin was exclusively covered by Workers' Compensation); *Leger v. Hardy Rice Drier, Inc.*, 640 So.2d 650, 652 (La.App. 3 Cir. 6/1/94) (maintaining forklift in unsafe condition not an intentional act for purposes of escaping Workers' Compensation exclusive remedy); *Williams v. Gervais F. Favrot Co., Inc.*, 573 So.2d 533 (La.App. 4 Cir.), *writ denied*, 576 So.2d 49 (La.1991) (violations of OSHA and other accepted industry safety standards are exclusively covered by Workers' Compensation); *Dycus v. Martin Marietta Corp.*, 568 So.2d 592 (La.App. 4 Cir.), *writ denied*, 571 So.2d 649 (La.1990) (allowing worker to operate dangerous equipment is exclusively covered by Workers' Compensation); *Holliday v. B.E. & K. Const. Co.*, 563 So.2d 1333 (La.App. 3 Cir.1990) (knowledge that machine is dangerous and that its use creates a high probability that someone will eventually be injured from such use is not an intentional act).

Thus, for the reasons listed above, this court finds that the Plaintiff's claims for negligence and violations of safety standards, which allegedly resulted in personal injury, are barred by the exclusivity provision found in La. R.S. d 23: 1032 A(1)(a).

**C. State Constitutional Claims**

Plaintiff asserts a number of discrimination claims under unspecified provisions of the Louisiana Constitution regarding equal protection. (Rec. Doc. 52-2 at 3).

Article 1, section 3 of the Louisiana Constitution provides citizens with equal protection of laws:

> No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.

La. S. Const. Art. 1, § 3. Louisiana courts have held that finding a violation of equal protection under this provision requires a finding of "state action." *Country Club of Louisiana Property Owners Ass'n, Inc. v. Dornier*, 691 So.2d 142, 146, (La.App. 1 Cir.,1997) *citing Shelley v. Kraemer*, 68 S.Ct. 836, 845 (1948).

In the present case, Plaintiff has neither alleged that Lafarge is a state actor nor set forth any facts which considered in a light most favorable to him, would indicate that Lafarge could be considered a state actor. In the absence of state action, no constitutional analysis is required in order to assess the viability of Plaintiff's claims under the Louisiana Constitution.

Thus, for the reasons state above, Plaintiff cannot assert claims under the Louisiana State Constitution because Defendant is not a "sate actor."


**D. Third-Party Claims**

Plaintiff asserts a number of claims on behalf of other members of Defendant's New Orleans

workforce as well as the surrounding neighborhood residents. (Rec. Doc. 1-1 at 2-4). Specifically, Plaintiff alleges that (1) other members of the New Orleans workforce suffered similar personal injuries as a result of exposure to cement dust and were also racially discriminated against and (2) the residents of the surrounding neighborhood suffered personal injury and property damage as a result of Defendant's actions. (Rec. Doc. 1-1 at 1-4). In the Motion for Partial Judgment on the Pleadings, Defendant argues that Plaintiff has no standing to assert claims on behalf of the New Orleans workforce or surrounding neighborhood residents.

In order to have standing to sue in a federal court, a plaintiff must bring a "case or controversy." U.S. Const. Art. Section III. "To meet the standing requirements of Article III, 'plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Donelon v. Louisiana Div. of Admin. Law ex rel. Wise*, 522 F.3d 564, 566 (5th Cir. 2008), *citing Raines v. Byrd*, 521 U.S. 811, 818-19 (1997). Put another way, the plaintiff must establish a "personal stake" in the dispute and that the injury is particularized to him. *Id.*

Furthermore, it is a well established rule that generally, a party must assert his or her own legal rights and interests, and may not claim standing to vindicate the rights of some third party. *Kowalski v Tesmer*, 534 U.S. 135, 137, (2004); *Thomas v. N.A. Chase Manhattan Bank*, 994 F.2d 236, 242 (5th Cir. 1993). In *Singleton v. Wulff*, the Supreme Court established a strong presumption against third party standing. 428 U.S. 106, 113-114 (1976). This presumption may only be rebutted in particular circumstances: where a litigant has suffered injury in fact and has a close relation to a third party, and where some hindrance to the third party's ability to protect his or her own interests exists. *Miller v. Albright*, 523 U.S. 420, 422 (1998).

9

*1. Claims on Behalf of the New Orleans Workforce*

In this case, Plaintiff brings personal injury and discrimination claims on behalf of the New Orleans workforce. Here, Plaintiff has not alleged any facts that could demonstrate the existence of obstacles hindering his fellow employees' from asserting their own rights and thus warranting his advocacy on their behalf. Consequently, Plaintiff has no standing to assert personal injury or discrimination claims on behalf of the New Orleans workforce.

*2. Claims on Behalf of Surrounding Neighborhood Residents*

Plaintiff also brings personal injury and property damage claims on behalf of the surrounding neighborhood residents. The same reasons that prevent Plaintiff from bringing claims on behalf of the New Orleans workforce also prevent him from bringing claims on behalf of the surrounding neighborhood residents. Thus, Plaintiff has no standing to assert personal injury or property damage claims on behalf of the surrounding neighborhood residents.

### III. CONCLUSION.

Accordingly,

IT IS HEREBY ORDERED that the Defendant's Motion for Partial Judgment on the Pleadings pursuant to Rule 12(c) is GRANTED.

New Orleans, Louisiana, this 29th day of November, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE